UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRETT WILLIAMSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:16-CV-002 JD |
| SCOTT SLIFER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Brett Williamson, a *pro se* prisoner, has filed a complaint pursuant to 42 U.S.C. § 1983. (DE 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Williamson states in his complaint that on June 4, 2012, the defendants, Officers Scott Slifer, Mike Schneider, Robin Peifer and Craig Gregory, unlawfully entered his home without a warrant,

in violation of the Fourth Amendment. After entering his home, the defendants proceeded to unlawfully search his home and seize many of his personal belongings. Williamson seeks money damages against each of the defendants. However, these claims have a statute of limitations problem.

Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The illegal search and seizure claims against all four defendants are time barred because "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Wallace v. Kato*, 549 U.S. 384 (2007) holds that *Heck* does not affect litigation about police conduct in the investigation of a crime . . .."). Because Williamson filed his complaint against the defendants more than two years after the claims arose, they are barred by the applicable two-year statute of limitations.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here because no amendment could make the search and seizure claims timely.

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: January 8, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court